IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LUCAS TROY NEILSON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GARY HERBERT at el.,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:16-CV-1239-CW<br><br>District Judge Clark Waddoups |

Plaintiff, Lucas T. Neilson, moves the Court to allow him to amend his Complaint here. The Court grants the motion, with the following guidance for Plaintiff to follow in amending the Complaint.

## INSTRUCTIONS TO PLAINTIFF

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or other documents already filed in this case. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

# ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for permission to amend his Complaint is **GRANTED**. (*See* Docket Entry # 9.) Plaintiff shall file his amended complaint within thirty days.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a blank civil-rights complaint.

(3) Defendants' motions to dismiss are **GRANTED** because of Plaintiff's failure to respond to them. (*See* Docket Entry #s 12 & 14.)

(4) Plaintiff's February 24, 2017 motion for a sixty-day time extension in which to respond to the motions to dismiss is DENIED as moot. (*See* Docket Entry # 15.) The sixty days Plaintiff had in mind have long since passed.

DATED this 7th day of July, 2017.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court